# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| KATHY MOREHART, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>OPENLOOP HEALTH, INC.,<br><br>Defendant. | Case No. 4:26-cv-00074 |
| MELISSA ALVAREZ, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>OPENLOOP HEALTH, INC.,<br><br>Defendant. | Case No. 4:26-cv-00083 |
| COLLENA ALLEN, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>OPENLOOP HEALTH, INC.,<br><br>Defendant. | Case No. 4:26-cv-00097 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO (1) CONSOLIDATE THE RELATED ACTIONS AND (2) APPOINT THE INTERIM CO-LEAD CLASS COUNSEL

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................... 1

II.  BACKGROUND .................................................................................................... 2

III.  THE COURT SHOULD CONSOLIDATE THE ACTIONS. ................................ 3

IV.  THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL ............... 5

    A.  Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work in Investigating this Action ...................................................................................... 6

    B.  Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions ................... 7

      Philip J. Krzeski of Chestnut Cambronne PA ......................................................... 8

      Tyler J. Bean of Siri & Glimstad LLP ................................................................. 10

      Britany A. Kabakov of Almeida Law Group LLC ................................................ 12

      John J. Nelson of Milberg, PLLC ........................................................................ 13

    C.  Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Class ........................................................................ 15

    D.  Additional Factors Supporting Appointment Under Rule 23(g)(1)(B) ............................ 16

V.  CONCLUSION ..................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bendzak v. Midland Nat. Life Ins. Co.*,
  240 F.R.D. 449 (S.D. Iowa 2007) ............................................................. 5

*In re Netgain Tech., LLC*,
  2025 WL 3063288 (D. Minn. Nov. 3, 2025).............................................. 7

*In re Sav-Rx Data Breach Litig.*,
  2025 WL 1237554 (D. Neb. Apr. 29, 2025)................................................ 4

*In re Sonic Corp. Customer Data Sec. Breach Litig.*,
  2019 WL 3773737 (N.D. Ohio Aug. 12, 2019) .......................................... 7

*In re Wendy's Co. Shareholder Derivative,*
  *Litig.*, 2018 WL 6605394 (S.D. Ohio Dec. 17, 2018)................................ 16

*Kubiak v. Barbas*,
  2011 WL 2443715 (S.D. Ohio June 14, 2011) .......................................... 16

*Lyons v. Andersen*,
  123 F. Supp. 2d 485 (N.D. Iowa 2000) ...................................................... 3

*O'Donnell v. Charter Commc'ns, Inc.*,
  2025 WL 3254516 (E.D. Mo. Nov. 21, 2025) ............................................ 6

*Roe v. Arch Coal, Inc.*,
  2015 WL 6702288 (E.D. Mo. Nov. 4, 2015) .............................................. 5

*Schultz v. TD Ameritrade, Inc.*,
  2023 WL 6621073 (D. Neb. Oct. 11, 2023)................................................ 7

*Shepard v. City of Waterloo*,
  2015 WL 2238358 (N.D. Iowa May 12, 2015).......................................... 5

## Rules

Fed. R. Civ. P. 23.................................................................................... *passim*

Fed. R. Civ. P. 42................................................................................................................... *passim*

**Other Authorities**

*Manual for Complex Litigation* §§ 10.22, 21.272 (4th ed. 2004).................................................... 2

## I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs Kathy Morehart and Melissa Alvarez (collectively, "Plaintiffs") respectfully move for an order consolidating three related proposed class actions (the "Related Actions") currently pending in the Southern District of Iowa: *Morehart v. OpenLoop Health, Inc.*, Case No. 4:26-cv-00074-SHL-SBJ, *Alvarez v. OpenLoop Health, Inc.*, Case No. 4:26-cv-00083-SHL-WPK, and *Allen v. OpenLoop Health, Inc.*, Case No. 4:26-cv-00097-SMR-HCA.

The Related Actions were filed within days of one another by separate counsel and arise from the same alleged data security incident (the "Data Breach") involving OpenLoop Health, Inc. ("OpenLoop" or "Defendant"), a digital health infrastructure company headquartered in Des Moines, Iowa. The Data Breach allegedly compromised the highly sensitive personal information of more than 1.6 million individuals who received care through OpenLoop's partner platforms. The information at issue includes personally identifiable information ("PII") and protected health information ("PHI"), such as full names, email addresses, telephone numbers, home addresses, dates of birth, body metrics, medical information, biometric data, IP addresses, prescription details, FedEx tracking numbers, and related metadata (collectively, the "Private Information").

Critically, the Related Actions assert substantially similar factual allegations, legal claims, and theories of liability arising from the same course of conduct, and seek relief for the same alleged injuries on behalf of overlapping putative classes. To Plaintiffs' knowledge, these are the only actions pending in this District arising out of the Data Breach. Consolidation at this early stage will promote judicial economy, eliminate duplicative proceedings, prevent inconsistent rulings, and conserve the resources of the Court and the Parties. *See* Fed. R. Civ. P. 42(a); 23(g).

Moreover, Plaintiffs further respectfully request that the Court appoint Philip J. Krzeski of Chestnut Cambronne PA, Tyler J. Bean of Siri & Glimstad LLP, Britany A. Kabakov of Almeida Law Group LLC, and John J. Nelson of Milberg, PLLC to serve as proposed interim class counsel ("Interim Co-Lead Class Counsel") pursuant to Fed. R. Civ. P. 23(g) to guide this litigation for the Plaintiffs and putative Class Members. Consistent with the guidance set forth in the *Manual for Complex Litigation* §§ 10.22, 21.272 (4th ed. 2004), and decisions encouraging coordination among plaintiffs' counsel in complex litigation, the undersigned have conferred and agreed upon a proposed leadership structure for these cases. The proposed Interim Co-Lead Class Counsel are experienced privacy and data breach litigators with substantial experience prosecuting complex class actions nationwide and are prepared to commit the necessary resources to efficiently and vigorously represent the interests of the putative class.

For the reasons set forth below, Plaintiffs respectfully request that the Court (a) consolidate these related cases pursuant to Fed. R. Civ. P. 42(a); and (b) appoint Philip J. Krzeski of Chestnut Cambronne PA, Tyler J. Bean of Siri & Glimstad LLP, Britany A. Kabakov of Almeida Law Group LLC, and John J. Nelson of Milberg, PLLC as Interim Co-Lead Class Counsel.

Plaintiffs have met and conferred with Defendant, and Defendant confirmed that it does not oppose consolidation and takes no position on the requested appointment of leadership.

## II.    BACKGROUND

Upon information and belief, and according to online sources, the unauthorized access to Defendant's computer systems was announced by the ransomware group, stuckin2019, on January 7, 2026. *See, e.g.*, *Morehart* Compl. ¶ 25.[1] Through the Data Breach, the unauthorized cybercriminals

---

[1] All citations to "Morehart Compl." refer to the complaint filed in the *Morehart* Action at ECF No. 1.

accessed a cache of highly sensitive Private Information. According to stuckin2019, the Private

Information stolen in the Data Breach was linked to more than 1.6 million patients in the United States.

*Id.* ¶ 26. Plaintiffs allege that the Data Incident exposed the PII and PHI of Plaintiffs and Class

Members. *Id*. ¶ 26. Upon information and belief, the Data Incident allegedly exposed the Private

Information of more than a million individuals (i.e., the Class). *Id.*

### III.     THE COURT SHOULD CONSOLIDATE THE ACTIONS.

There are currently three putative class actions arising from a Data Breach of Defendant's

systems that came to light in January 2026. Plaintiffs and putative class members are individuals

whose personal, sensitive Private Information was compromised in the Breach. The cases filed to

date are listed below:

1.  *Morehart v. OpenLoop Health, Inc*., No. 4:26-cv-00074-SHL-SBJ (filed on February 16, 2026, by Shindler Anderson Goplerud & Weese P.C., Siri & Glimstad LLP, and Chestnut Cambronne PA); and

2.  *Alvarez v. OpenLoop Health, Inc*., No. 4:26-cv-00083-SHL-WPK (filed on February 19, 2026, by Carney & Appleby Law Firm and Almeida Law Group LLC).

3.  *Allen v. OpenLoop Health, Inc.*, No. 4:26-cv-00097-SMR-HCA (filed on February 27, 2026, by Shindler Anderson Goplerud & Weese P.C., Milberg, PLLC, and Cotchett, Pitre & McCarthy, LLP)

Rule 42(a) of the Federal Rules of Civil Procedure provides: "[i]f actions before the court

involve a common question of law or fact, the court may: (1) join for hearing or trial any or all

matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Court has broad discretion under Rule 42(a)

to consolidate cases pending in the same district when the savings of time and effort resulting from

consolidation outweigh any inconvenience, delay or expense that it would cause. *See, e.g.*, *Lyons*

*v. Andersen*, 123 F. Supp. 2d 485, 487-88 (N.D. Iowa 2000).

First, the Related Actions present substantial common questions of law and fact. Each action asserts similar causes of action against the same Defendant, OpenLoop Health, Inc., arising from the same alleged Data Breach and seeking substantially identical relief. Each complaints is premised on the same core factual allegations, challenge the same alleged data security failures, and seek certification of overlapping putative classes comprised of individuals whose sensitive PII and PHI were allegedly exposed without authorization.

For purposes of consolidation, Plaintiffs contend that these common questions of fact and law in the Related Actions include, *inter alia*: (a) whether Defendant had a duty to use reasonable care to safeguard Plaintiffs' and Class Members' Private Information; (b) whether Defendant knew or should have known about the inadequacies of its data security policies and system and the dangers associated with storing Private Information; (c) whether Defendant failed to use reasonable care and commercially reasonable methods to safeguard and protect Plaintiffs' and Class Members' Private Information from unauthorized release and disclosure; (d) whether Defendant took reasonable measures to determine the extent of the Data Breach after it was discovered; and (e) whether Plaintiffs and Class Members were harmed by Defendant's conduct related to the Data Breach. For purposes of consolidation, Plaintiffs contend that these common questions of fact and law predominate and favor consolidation. *See, e.g.*, *In re Sav-Rx Data Breach Litig.*, 2025 WL 1237554 (D. Neb. Apr. 29, 2025) (consolidating class actions under Rule 42(a) where both cases arose from the same data breach and involved common questions of law and fact, finding consolidation would avoid duplicative parallel activities, save time and resources, and avoid the risk of inconsistent rulings).

Second, consolidation will promote judicial economy and avoid unnecessary costs and delay. Rule 42(a) of the Federal Rules of Civil Procedure "should be prudently employed as a

valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (cleaned up). Here, consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification, and other case management issues, especially given that the cases are at their procedural inception. Consolidation will also avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. As such, the Plaintiffs respectfully request that the Court consolidate the Related Actions.

## IV.    THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL

Federal Rule of Civil Procedure 23(g)(3) allows the Court to designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action. *Shepard v. City of Waterloo*, 2015 WL 2238358, at *1 (N.D. Iowa May 12, 2015) (quoting Fed. R. Civ. P. 23(g)(3)). Federal Rule of Civil Procedure 23(g)(4) mandates that class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Early appointments are especially beneficial in complex cases because they help to "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual*, § 21.11; *Roe v. Arch Coal, Inc.*, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 4, 2015) (appointing interim class counsel where other law firms were already investigating whether to file suit and thus constitute potential competition for lead counsel).

Determining the appointment of interim class counsel requires the court to consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will

commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i) – (iv); *see also O'Donnell v. Charter Commc'ns, Inc.*, No. 4:25-CV-157-ZMB, 2025 WL 3254516 at *1 (E.D. Mo. Nov. 21, 2025) (noting that courts generally look to the same factors used to determine the adequacy of class counsel under Rule 23(g)(1)(A) when appointing interim class counsel).

As discussed below, each of the relevant Rule 23(g) factors demonstrate that Proposed Interim Co-Lead Class Counsel—Philip J. Krzeski of Chestnut Cambronne PA, Tyler J. Bean of Siri & Glimstad LLP, Britany A. Kabakov of Almeida Law Group LLC, and John J. Nelson of Milberg, PLLC—are best able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

### A. Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work in Investigating this Action

Under the first Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Class Counsel have already committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation. Their work undertaken to date includes investigating and researching the potential legal theories and claims at issue, researching and reviewing materials relating to the factual underpinnings of the Data Breach and this litigation, and communicating with affected persons and retained clients impacted by the Data Breach.

This early and proactive work has positioned Proposed Interim Co-Lead Class Counsel to efficiently prosecute this action on behalf of the putative class. As the litigation progresses, counsel will continue to provide significant value by, among other things: (a) reviewing consumer communications concerning the Data Breach; (b) engaging in ongoing communications with putative class members; (c) investigating the scope of the Data Breach's consequences, and Defendant's public response regarding the same; (d) researching potential claims arising from the

Data Breach and defenses thereto; and (e) using this research to begin preparing a detailed, consolidated class action complaint.

Proposed Interim Co-Lead Class Counsel have conducted all the work necessary to prosecute this consolidated litigation to date and are prepared to continue committing the substantial resources, including the advancement of costs, required to vigorously represent the Plaintiffs and the proposed class.

### B. Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions

Proposed Interim Co-Lead Class Counsel also satisfy the second and third Rule 23(g)(1)(A) factors. Data breach cases are risky, expensive and complex. *In re Netgain Tech., LLC*, 2025 WL 3063288, at *6 (D. Minn. Nov. 3, 2025); *see also In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This unsettled area of law often presents novel questions for courts. And of course, juries are always unpredictable."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim co-lead class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. Proposed Interim Co-Lead Class Counsel have extensive experience leading and litigating data privacy matters.

As demonstrated below, Mr. Krzeski, Mr. Bean, Ms. Kabakov, and Mr. Nelson are each highly qualified to lead the consolidated action and should be appointed as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g). *Schultz v. TD Ameritrade, Inc.*, 2023 WL 6621073, at *2 (D. Neb. Oct. 11, 2023) (appointing experienced and qualified interim co-lead class counsel

with extensive knowledge of and experience in litigating complex class actions involving data security and privacy).

The qualifications and experience of Proposed Interim Co-Lead Class Counsel are further summarized below.

### Philip J. Krzeski of Chestnut Cambronne PA

Philip J. Krzeski is an income partner at Chestnut Cambronne, PA and litigates Rule 23 class actions in the privacy context across the country. Recently, Mr. Krzeski's firm was appointed co-lead counsel in the *In Re: Change Healthcare, Inc. Data Security Breach Litig.*, No. 24-md-03108 (D. Minn.) matter, which impacted approximately 190 million individuals across the country.

Mr. Krzeski is prepared to litigate a case from the filing of the complaint through trial. His experience has led to leadership appointments in over a dozen class action matters across the country. *In re Eisner Advisory Group Data Breach Litig.*, No. 25-cv-01409 (D. Minn) (appointed lead counsel); *In re CoVantage Data Security Litig.*, No. 25-cv-000148 (Langlade County, Wisconsin) (same); *Skillings v. Access Sports Medicine and Orthopaedics, PLLC*, No. 218-2024-cv-01086 (Rockingham County, New Hampshire) (appointed lead counsel); *In re Peoples Bank, as a Successor to Limestone Bank, Data Breach Litig.*, No. 2023-cv-03043 (S.D. Ohio) (same); *In re Cinfed Data Breach Litig.*, No. 23-cv-00776 (S.D. Ohio) (same); *Brim v. Prestige Care, Inc.*, No. 3:24- cv-05133-BHS (same)); *Kobor v. Skidmore College*, No. 1:23-cv- 01392 (N.D.N.Y.) (same); *In re: Precision Imaging*, No. 16-2023-CA-00931 (Duval Cty., Fla.) (same); *In re: Mount Desert Island Hospital Data Security Incident Litig.*, No. 2023-00070 (Maine Business and Consumer Court) (same); *In re Wasserstrom Holdings, Inc. Data Breach Litig.*, No. 3:23-cv-2424 (S.D. Ohio) (same); *Anderson v. Clearwater Credit Union*, No. DV-32-2023-0000761(4th Judicial

District Court, Missoula Cty. Mont.) (same); *Hernandez, et al., v. Advance America*, No. 7:23-cv-04256 (D.S.C.) (appointed to Executive Committed); *Phillips v. Bay Bridge Administrators*, LLC, No. 1:23-cv-0220-LY (W.D. Tex.) (same).

He also has substantial experience litigating data breach cases in the following matters: *In Re: Change Healthcare, Inc. Data Security Breach Litig.*, No. 24-md-03108 (D. Minn.); *In re Berry, Dunn, McNeil & Parker Data Security Incident Litig.*, No. 2:24-cv- 00146 (D. Me.); *In re Loancare Data Breach Litig.*, No. 3:23-cv-01508 (M.D. Fla.); *In re ESO Solutions, Inc.*, No. 1:23-cv-01557 (W.D. Tex.); *Cahill v. Memorial Heart Institute, LLC d/b/a The Chattanooga Heart Institute*, No. 1:23-cv-168 (E.D. Tenn.); *Clauson v. Arrowhead Regional Computing Consortium*, No. 24-cv-131 (D. Minn.); *In re R&B Corp. of Virginia d/b/a Credit Control Corporation*, No. 4:23-cv-00066-JKW-RJK (E.D. Va.); *In re Group Health Plan Litig.*, No. 23-cv-267-JWB/DJF (D. Minn.); *Hightower v. Receivables Performance Management, LLC*, No. 2:22-cv-01683 (W.D. Wash.); *In re Orthoalaska Data Breach Litig.*, No. 3:23-cv-00242 (D. Alaska); *In re DISH Network Data Breach Security Litig.*, No. 1:23- cv-01168 (D.Col.); *In re Whitworth Data Breach Security Litig.*, No. 2:23-cv-00179-SAB (E.D. Wash.); *Rasmussen, et al., v. Uintah Basin Healthcare*, No. 23-cv-00322-HCN-CMR (D. Ut.); *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *Anderson v. Fortra LLC*, No. 23-cv-00533 (D. Minn.); *In re Netgain Technology, LLC, Consumer Data Breach Litig.*, No. 21-cv-1210, (D. Minn.); *Hale, et al., v. ARcare, Inc.*, No. 3:22-cv-00117 (E.D. Ark.); *In re CCM Health Data Security Litig.*, No. 12-cv-24-169 (Chippewa Cty., Minn.); *In re Tift Regional Health System, Inc. Data Breach Litig.*, No. 2023-cv-0313 (Tift Cty., Ga.); *Rodriguez v. Mena Regional Hospital Commission d/b/a Mena Regional Health System*, No. 2:23-cv-2002 (W.D. Ark.). In litigating these cases, Mr. Krzeski has performed and succeeded in briefing, oral argument, discovery, mediation, and settlement approval

Chestnut Cambrone's firm resume is attached as **Exhibit 1**.

## Tyler J. Bean of Siri & Glimstad LLP

Tyler J. Bean is a Partner at Siri & Glimstad LLP ("S&G"), a national class action firm of over 100 dedicated professionals that routinely serves as court-appointed class counsel in complex, high-stakes litigation nationwide and has recovered substantial relief for millions of individuals. Mr. Bean is widely regarded as a leading plaintiff-side data privacy litigator, having been recognized as one of the nation's top litigators under the age of 40.[2] Mr. Bean's practice focuses on complex civil litigation and consumer class actions, with a particular emphasis on data privacy. Over the course of his career, he has played a central role in the successful prosecution of hundreds of data breach and online surveillance class actions, from inception through discovery and final approval, helping to shape outcomes in a rapidly evolving area of law. His work reflects not only a mastery of the law, but also the strategic judgment and leadership required to litigate against sophisticated and well-funded defendants.

As the lead attorney of S&G's Data Breach and Online Privacy Group, Mr. Bean has secured over $150 million in settlement relief for millions of class members nationwide, overseeing all data privacy matters in which S&G served or is serving as **(1) settlement class counsel**. These include, without limitation**:**

- *In re Sovos Compliance Data Security Incident Litigation*, Case No. 1:23-cv-12100 (D. Mass.), which received final approval for a settlement involving 490,000 class members and a $3,534,128.50 non-reversionary settlement fund;
- *In re: Vivendi Ticketing US LLC, d/b/a See Tickets Data Security Incident*, Case No. 2:23-cv-07498 (C.D. Cal.), a payment card breach case which received final approval for a settlement that includes a non-reversionary settlement fund of $3,250,000.00 for a settlement involving 325,000 class members;

---

[2] *See 12 Litigators Recognized in Class Action Updates' Inaugural Premier Class Action Leaders of Tomorrow Award* (Nov. 2025), https://classactionupdates.substack.com/p/12-litigators-recognized-in-class (last accessed Feb. 2026).

- *In re: Planet Home Lending, LLC Data Breach*, Case No. 3:24-cv-127 (D. Conn.), which received final approval for a settlement involving 285,000 class members and a $2,425,000.00 non-reversionary settlement fund;
- *In re Unite Here Data Security Incident Litigation*, Case No. 1:24-cv-01565 (S.D.N.Y.), which received final approval for a settlement involving roughly 790,000 class members and a $6 million non-reversionary settlement fund;
- *Hefstetler, et al. v. Upstream Rehabilitation, Inc., et al.*, Case No. 2024-902563.00 (AL Cir. Ct., Jefferson Cty.), which received final approval for a settlement involving roughly 545,000 class members and a $4,304,898.50 non-reversionary settlement fund;
- *Reedy, et al. v. Everlywell, Inc., et al.*, Case No. 1:24-cv-02713 (N.D. Ill.), an internet surveillance matter which received final approval for a settlement involving 2 million class members and a $5,000,000 non-reversionary settlement fund;
- *In re Retina Group of Washington Data Security Incident Litigation*, Case No. 8:24-cv-00004 (D. Md.), which received final approval for a settlement involving 450,000 class members and a $3.6 million non-reversionary settlement fund;
- *Terrance Rosa, et al. v. Brightline, Inc.*, Case No. 24-md-03090 (S.D. Fla.), which received final approval for a settlement involving over 1 million class members and a $7,000,000 non-reversionary settlement fund;
- *In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Case No. 2:24-cv-00146 (D. Me.), which received final approval for a settlement involving 2 million class members and a $7.25 million non-reversionary settlement fund;
- *Corona-Cantu v. Ingo Money, Inc.*, Case No. 1:24-cv-03023 (N.D. Ga.), which received final approval for a settlement involving 27,000 class members and a $1.5 million non-reversionary settlement fund;
- *Wilson et al. v. Frontier Communications*, Case No. 3 :24-cv-1418 (N.D. Tex.), which received final approval for a settlement involving 750,000 class members and a $5,640,000 non-reversionary settlement fund; and
- *In re Hospital Sisters Health System Data Breach Litigation*, Case No. 2024CH000043 (Ill. Cir. Ct., Sangamon Cty.), which received final approval for a settlement involving 868,000 class members and a $7.6 million non-reversionary settlement fund;

Mr. Bean and his Firm have also been appointed as interim class counsel in significant data privacy actions in federal and state courts nationwide. These include, without limitation:

- *In re Fortra File Transfer Software Data Security Breach Litigation* (MDL No. 3090);
- *Harrison, et al. v. Peco Foods Inc.*, Case No. 7:24-cv-01028 (N.D. Ala.);
- *Gregorio, et al. v. Green Diamond Resource Company*, Case No. 2:24-cv-00596 (W.D. Wash.);
- *In re OnePoint Patient Care, LLC, Data Breach Litigation*, Civil Action No. 3:24-cv-00649 (W.D. Ky.);
- *Kranz-Mitchell, et al. v. Excelsior Orthopaedics, LLP, et al.*, Case No. 812753/2024 (NY Supreme Ct., Erie Ct.);
- *Canup, et al. v. Gas Express, LLC*, Case No. 1:25-cv-00396 (N.D. Ga.);

- *In re Anna Jacques Hospital Data Security Incident Litigation*, Case No. 1:24-cv-10792 (D. Mass.);
- *Edri, et al. v. Advanced Recovery Equipment & Supplies, LLC*, Case No. 529489/2024 (NY Sup. Ct., Kings Cty.);
- *Carter, et al v. MyHeritage (USA) Inc., et al*, Case No. 1:25-cv-224 (N.D. Ill.);
- *Haseltine, et al v. Financial Business and Consumer Solutions, Inc.*, Case No. 24-1876 (E.D. Pa.);
- *Flores, et al. v. South Texas Oncology and Hematology, PLLC*, Case No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.);
- *In re Cooper Health System Security Incident Litigation*, Case No. 1:25-cv-05841 (D.N.J.);
- *In re iHeart Media Data Breach Litigation*, Case No. 5:25-cv-00538 (W.D. Tex.);
- *Waudby, et al. v. Precision Tax Relief, LLC*, Case No. 2:25-cv-00301 (D. Id.);
- *Levin v. Albany College Pharmacy and Health Services*, Index No. 906277-25 (NY Sup. Ct., Albany Cty.);
- *Bernal v. Amalgamated Sugar Company*, Case No. CV01-25-12333 (4th Dist. of Id., Ada Cty.);
- *Minter v. Finwise Bank, et al.*, Case No. 2:25-cv-00569 (D. Utah);
- *Leuch, et al. v. Greater Pittsburgh Orthopaedic Associates, Inc.*, Case No. GD-25-009211 (Pa., Allegheny Cty.);
- *Doktor, et al. v. Good Neighbors Federal Credit Union*, Case No. 808163/2025 (N.Y. Sup. Ct., Erie County); and
- *Correa v. Anne Arundel Dermatology, P.A.*, Case No. 1:25-cv-02274 (the court specifically noting that Mr. Bean's "accomplishments and qualifications not only highlight [his] wealth of experience but also suggest that [he has] a strong command of the applicable law[.]")

Mr. Bean and S&G are fully prepared to devote the time, resources, and expertise necessary to effectively represent the putative class in this matter. Additional information regarding Mr. Bean's background and the Firm's class action practice is set forth in the Firm Resume submitted herewith as **Exhibit 2**.

## **Britany A. Kabakov of Almeida Law Group LLC**

Britany Kabakov is a Partner at Almeida Law Group LLC, where she co-leads the firm's Data Security and Privacy practice group. Ms. Kabakov earned her J.D. from the University of Chicago Law School. Prior to joining the Almeida Law Group, Ms. Kabakov clerked for a federal judge in the Northern District of Illinois and worked as a litigation associate at Kirkland & Ellis

LLP in its Chicago Office, where she participated in two federal bellwether jury trials in the largest multidistrict litigation in U.S. history.

Specializing in consumer class action lawsuits, Ms. Kabakov's practice focuses on privacy and false labeling cases as well as complex commercial disputes. Ms. Kabakov has significant experience in data privacy litigation and is currently litigating numerous putative class action lawsuits involving healthcare entities' use of tracking technologies on their digital platforms to collect and to disclose patients' (and other users') personal and sensitive information to third party AdTech giants such as Facebook and Google.

Ms. Kabakov has been appointed class counsel in the following cases: *Tambroni v. WellNow Urgent Care, P.C.*, No. 2025LA000013 (Ill. Cir. Ct. Sangamon Cnty.) (representing class of approximately 597,000 individuals in healthcare data breach); *Cooper v. Mount Sinai Health Sys., Inc.*, No. 1:23-cv-09485 (S.D.N.Y.) (representing class of approximately 1,314,147 individuals in $5,256,588.00 settlement of hospital tracking case); *Mayer v. Midwest Physician Admin. Servs., LLC*, No. 1:23-cv-03132 (N.D. Ill.) (representing class of approximately 272,373 individuals in $1,880,000.00 settlement of hospital tracking case); *John v. Delta Defense LLC*, No. 2:23-cv-01253 (E.D. Wis.) (representing class of approximately 295,727 individuals in $1,450,000.00 settlement in video privacy case).

Almeida Law Group's firm resume is attached as **Exhibit 3**.

## John J. Nelson of Milberg, PLLC

Since Milberg's founding in 1965 it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent-setting decisions at every level, including at the United States Supreme Court.2 The firm

pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.

As a member of Milberg's data privacy team, Mr. Nelson has been appointed by state and federal courts as class counsel in data breach class actions, including: *In re Community Clinic of Maui Data Breach Litigation,* No. 1:24-cv-00431 (D. HI) (appointed co-lead counsel); *In Re: SAG-AFTRA Health Plan Data Security Litigation*, No. 2:24-cv-10503 (C.D. Cal.) (appointed co-lead counsel); *Feathers v. On Q Financial LLC*, 2:24-cv-00811 (D. Ariz.) (appointed co-lead counsel); *Anderson v. Oak View Group, LLC*, No. 2:24- cv-00719 (C.D. Cal.) (appointed co-lead counsel); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y.) (appointed co-lead counsel); *Kohn et al. v. Loren D. Stark Company, Inc.*, Case No. 4:23-cv-03035 (S.D. Tex.) (appointed co-lead counsel); *In Re: Houser Data Breach Litigation*, No. 8:24-cv-00468 (C.D. Cal.) (appointed co-lead counsel); *In Re: Ethos Technologies Inc. Data Breach Litigation*, No. 3:22-cv-09203-SK (N.D. Cal.) (appointed co-lead counsel). Mr. Nelson has also been appointed to the Plaintiffs' Steering Committee in the recent 60-million-person data breach litigation captioned *In Re: Powerschool Holdings, Inc., and Powerschool Group, LLC Customer Data Security Breach Litigation*, Case No.: 25-md-3149-BEN-MSB. He was also appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota Motor Corporation, et al* a nationwide class action involving defective fuel pumps which resulted in a 330-million-dollar nationwide settlement. No. 1:20-CV-00629 (E.D.N.Y.) (final approval granted December 21, 2022). Mr. Nelson was also appointed to

the Executive Committee in *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation*, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.).

A copy of Mr. Nelson's firm resume is attached hereto as **Exhibit 4**.

### C. Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Class

As to the fourth Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Class Counsel are willing and able to expend the resources necessary to ensure the effective prosecution of the claims asserted by the Plaintiffs in the Related Actions. The three firms are well capitalized and have years of experience prosecuting and self-funding complex class action litigation. Each firm has advanced significant resources to fund expenses in several of its cases, demonstrating a commitment to providing the resources and staffing needed to successfully prosecute class actions. Proposed Interim Co-Lead Class Counsel are also willing to advance all costs to prosecute this action and see it through completion, including advancing costs for document hosting, expert witnesses (both for liability and damages if necessary), and for trial.

Mr. Krzeski, Mr. Bean, Ms. Kabakov, and Mr. Nelson, along with their respective firms, have a proven track record of successfully leading complex class action cases, including data privacy matters. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the diligent and effective representation of the Class members. In fact, Proposed Interim Co-Lead Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this consolidation and leadership proposal. Just as they have previously done, Proposed Interim Co-Lead Class Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class here.

In sum, Proposed Interim Co-Lead Class Counsel are committed to pursuing the best interests of Plaintiffs and the proposed class in an efficient manner. Having already devoted considerable time and resources to this litigation, Proposed Interim Co-Lead Class Counsel have demonstrated their commitment and capacity to see this action to a successful resolution.

### D.  Additional Factors Supporting Appointment Under Rule 23(g)(1)(B)

The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also In re Wendy's Co. Shareholder Derivative Litig*., 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011)) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel."); *Manual* § 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), § 10.272 (describing "private ordering" approach).

Here, Proposed Interim Co-Lead Class Counsel quickly proposed a unified leadership structure due to the nature of Defendant's Data Breach and likelihood of imminent further harms to Plaintiffs and the putative class members. Proposed Interim Co-Lead Class Counsel seek this leadership structure to best serve the interests of the class in the most efficient manner possible. Effective leadership in complex litigation requires not only the ability to work efficiently as a team and with opposing counsel, and the Court, but also the professionalism, cooperation, and courtesy expected of officers of the Court, all of which are critical to successful management of this litigation. *See Manual* § 10.21. A demanding aspect of complex litigation is "the difficult[y] of having to communicate and establish working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*.

The counsel proposed for Interim Co-Lead Counsel embody the qualities listed above. Each respective law firm has worked in the data breach and data privacy space together on numerous occasions. *See, e.g.*, *Rasmussen, et al., v. Uintah Basin Healthcare*, Case No. 2:23-cv-0032-CMR (D. Ut.); *Reedy v. Everlywell, Inc.*, Case No. 1:24-cv-02713 (N.D. Ill.); *Kaplan v. Northwell Health*, Case No. 2:23-cv-07205 (E.D.N.Y.). While Proposed Interim Co-Lead Class Counsel intend to litigate the case zealously, they are cognizant of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already developed a strategy to effectively leverage their members' diverse skills and experience in prosecuting and managing this litigation, while avoiding unnecessary and duplicative billing.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully ask the Court to grant their motion and enter an order to: (1) consolidate the above-captioned Related Actions pursuant to Fed. R. Civ. P. 42(a) under the title "*In re: OpenLoop Data Breach Litigation*;" and (2) appoint Philip J. Krzeski of Chestnut Cambronne PA, Tyler J. Bean of Siri & Glimstad LLP, Britany A. Kabakov of Almeida Law Group LLC, and John J. Nelson of Milberg, PLLC as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3).

Dated: March 12, 2026                    Respectfully Submitted,

/s/ Brian O. Marty
J. Barton Goplerud, AT0002983
Brian O. Marty, AT 0011622
**SHINDLER ANDERSON GOPLERUD &
WEESE PC.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
(515) 223-4567
(515) 223-8887 (fax)
goplerud@sagwlaw.com
marty@sagwlaw.com

Philip J. Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
pkrzeski@chestnutcambronne.com

Tyler J. Bean*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: mbarney@sirillp.com
E: tbean@sirillp.com

Britany A. Kabakov*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Ave.
Chicago, Illinois 60614
(708) 437-6476
britany@almeidalawgroup.com

John J. Nelson*
**MILBERG, PLLC**
280 S. Beverly Drive – Penthouse Suite
Beverly Hills, CA 90212
(858) 209-6941
jnelson@milberg.com

*Proposed Interim Co-Lead Class Counsel*

Nicholas J. Mauro
**CARNEY & APPLEBY LAW FIRM**
400 Homestead Building
303 Locust Street
Des Moines, IA 50309
(515) 282-6803
(515) 282-4700 (fax)
mauro@carneyappleby.com

Thomas E. Loeser*
Ellen J Wen*
**COTCHETT, PITRE & MCCARTHY, LLP**
1809 7th Av, Ste. 1610

18

Seattle, WA 98101
Tel: (2026) 802-1272
Fax: (206) 299-41854
tloeser@cpmlegal.com
ewen@cpmlegal.com

*Counsel for Plaintiffs and the Putative Class*

\*Application for Admission *Pro Hac Vice*
Forthcoming

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2026, the foregoing was electronically filed using the Court's CM/ECF system which will serve a copy upon all parties of record.

/s/ Brian O. Marty