**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| KATHY MOREHART, GLEN HARBIN, TOBY PARCELL, MELISSA ALVAREZ, COLLENA ALLEN, TONI MENDOSA, DAVID APPLEMAN, THEODORE BARTOLO, ALLI BRUNELL, JOBY CHILDRESS, MARSHAL DETHERAGE, JENNIFER GLODEK, AUTUMN ANDREWS, SERENA GOLD-PETERS, CHARLES LIGON, TASHA MATHIS, MICHAEL PLANTE, JASMINE WALKER, MARK WILLIAMS, MELISSA JANEIRO, AND MASON MALDONADO, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> OPENLOOP HEALTH, INC., <br><br> Defendant. | Case No. 4:26-cv-00074-SHL-SBJ <br><br> **JOINT MOTION TO STAY PROCEEDINGS** |

The parties jointly move the Court pursuant to L.R. 7(j) to stay all proceedings pending a private mediation scheduled for August 27, 2026, in New York. Should the mediation be successful, the parties intend to notify the Court of a settlement via joint letter by no later than September 10, 2026. The parties further request that, if the case does not resolve at mediation, Defendant shall have until September 28, 2026, to answer or otherwise respond to the Consolidated Class Action Complaint (the "CCAC") (Dkt. 15). The parties shall thereafter until October 30, 2026, to meet and confer pursuant to L.R. 16(a) and 16(b) and submit a proposed scheduling order and discovery plan to the Court.

1

Plaintiffs filed the CCAC on May 7, 2026. (Dkt. 15) Defendant was ordered to file an answer to the CCAC by July 6, 2026. (Dkt. 14) Local Rule 16(a) requires the parties to meet and confer 90 days after the filing of the complaint and to submit for approval a proposed Rule 16(b) and 26(f) scheduling order and discovery plan. That deadline is currently August 5, 2026, running from the filing of the CCAC.[1] The parties have met and conferred on possible resolution of this matter and have agreed to a private mediation, scheduled to occur on August 27, 2026. The parties believe good cause exists to extend Defendant's responsive pleading deadline to September 28, 2026, and otherwise stay this proceeding pending the parties' scheduled mediation.

Federal courts have broad discretion in managing their dockets and to stay proceedings. *Fisher Controls Co. v. Control Components, Inc.*, 443 F. Supp. 581, 581 (S.D. Iowa 1977). Local Rule 7(j) does not prescribe a specific standard for a motion to continue or to extend a deadline. Federal courts employ a "good cause" standard for modifying deadlines in a scheduling order. Fed. R. Civ. P. 16(b)(4); L.R. 16(f). While no scheduling order has been issued in this case, good cause exists to grant the requested stay for the parties to mediate.

First, a brief stay pending a scheduled mediation causes no potential prejudice to either party, and this stay is jointly requested by the parties. Moreover, this limited stay for mediation purposes promotes efficiency and conserves judicial resources by allowing the parties to focus on settlement efforts that may obviate the need for Court intervention.

Second, a stay will simplify the issues before the Court. As part of the mediation process, the parties are completing informal discovery into Plaintiffs' causes of action and the scope of the

---

[1] The Parties previously proposed that they would submit a scheduling order and discovery plan 14 days after the filing of Defendant's responsive pleading (Dkt. 13-1 at 2), but the Court did not issue an order on that proposal (Dkt. 14), and the Parties interpret L.R. 16(a) as controlling for the deadline.

alleged data incident, among other things.

Third, formal discovery has not begun and no trial date is set. Instead, this jointly requested stay is early in the case. Because no scheduling order has been entered, a stay now will not disrupt any pretrial or trial dates.

Ultimately, a stay in this matter pending mediation avoids unnecessary motion practice and discovery costs during a period when the parties are actively pursuing resolution. If the mediation is unsuccessful, the parties' proposal that they meet and confer pursuant to L.R. 16(a) and 16(b) and submit a proposed scheduling order and discovery plan by October 30, 2026 will ensure the case proceeds without delay.

For these reasons, the parties request the Court grant a stay of proceedings pending mediation, continue Defendant's responsive pleading deadline until September 28 and direct the parties to meet and confer and submit a proposed scheduling order and discovery plan by October 30, 2026, should the mediation fail.

Respectfully submitted,

Dated: June 23, 2026

**MORRISON & FOERSTER, LLP**

/s/ *Adam Hunt (via email)*

Adam J. Hunt (*pro hac vice*)
Anthony J. Mahmud (*pro hac vice*)
250 West 55th Street
New York, NY 10019-9710
Telephone:     (212) 336-4341
Facsimile:     (212) 468-7900
Emails:          adamhunt@mofo.com
                    amahmud@mofo.com

**FAEGRE DRINKER BIDDLE & REATH LLP**

Shannon L. Sole,
AT0011360 801 Grand
Avenue, 33rd Floor Des
Moines, Iowa 50309
Telephone:   (515) 447-4715
Facsimile:   (515) 248-9010
Email:shannon.sole@faegredrinker.com

*Counsel for Defendant OpenLoop Health, Inc.*

Dated: June 23, 2026

**SHINDLER ANDERSON GOPLERUD & WEESE P.C.**

<u>/s/</u> *J. Barton Goplerud*
J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
5015 Grand Ridge Drive, Suite 100 West
Des Moines, Iowa 50265-5749
Telephone:   (515) 223-4567
Facsimile:   (515) 223-8887
Email:       goplerud@sagwlaw.com
             marty@sagwlaw.com

**CHESTNUT CAMBRONNE PA**

Phillip J. Krzeski*
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone:   (612) 339-7300
Facsimile:   (612) 336-2940
Email:       pkrzeski@chestnutcambronne.com

**SIRI & GLIMSTAD LLP**

Tyler J. Bean*
New York, New York 10151
Telephone:   (212) 532-1091
Email:       mbarney@sirillp.com
             tbean@sirillp.com

**ALMEIDA LAW GROUP LLC**

4

Britany A. Wessan*
849 W. Webster Ave.
Chicago, Illinois 60614
Telephone:       (708) 437-6476
Email:             britany@almeidalawgroup.com

**MILBERG, PLLC**

John J. Nelson*
280 S. Beverly Drive – Penthouse Suite
Beverly Hills, CA 90212
Telephone:       (858) 209-6941
Email:             jnelson@milberg.com

**CARNEY & APPLEBY LAW FIRM**

Nicholas J. Maruo
400 Homestead Building
303 Locust Street
Des Moines, IA 50309
Telephone:(515) 282-6803
Facsimile: (515) 282-4700
Email:       mauro@carneyappleby.com

**COTCHETT, PITRE & MCCARTHY, LLP**

Thomas E. Loeser*
Ellen J. Wen*
1809 7th Av, Ste. 1610
Seattle, WA 98101
Telephone:          (206) 802-1272
Facsimile: (206) 299-41854
Emails:          tloeser@cpmlegal.com
                    ewen@cpmlegal.com

**FEDERMAN & SHERWOOD**

William B. Federman*
Jessica A. Wilkes*
10205 N. Pennsylvania Ave
Oklahoma City, Oklahoma 73120
Telephone:       (405) 235-1560
Facsimile: (206) 299-41854

5

Emails: wbf@federmanlaw.com
    jaw@federmanlaw.com

**KOPELOWITZ OSTROW P.A.**

Jeff Ostrow (*pro hac vice* forthcoming)
One West Law Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone:(954) 332-4200
Email: ostrow@kolawyers.com

*Counsel for Plaintiffs and the Putative Class*

*\*Pro Hac Vice Forthcoming*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's CM/ECF system, which will automatically notify all counsel of record.

/s/ *J. Barton Goplerud*