## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| KATHY MOREHART, et al., *on behalf of themselves and all others similarly situated*, | Case No. 4:26-cv-00074-SHL-SBJ |
| Plaintiffs, | |
| v. | |
| OPENLOOP HEALTH, INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RENEWED MOTION TO**
**<u>APPOINT INTERIM CO-LEAD CLASS COUNSEL</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................... 1

II.  BACKGROUND AND PROCEDURAL HISTORY ............................................... 2

III. THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL ............................ 2

  A.  Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work in
  Investigating this Action ......................................................................................... 3

  B.  Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and Are
  Experienced in Leading and Successfully Resolving Data Privacy Class Actions .................. 5

    Philip J. Krzeski of Chestnut Cambronne PA ......................................................... 6

    Tyler J. Bean of Siri & Glimstad LLP ................................................................... 8

    Britany A. Kabakov of Almeida Law Group LLC ..................................................... 10

    John J. Nelson of Milberg, PLLC ........................................................................ 12

  C.  Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing
  the Interests of the Class ........................................................................................ 14

  D.  Additional Factors Supporting Appointment Under Rule 23(g)(1)(B) .......................... 15

IV.  CONCLUSION ..................................................................................................... 16

**TABLE OF AUTHORITIES**

**CASES**                                                                                    **PAGE(S)**

*In re Netgain Tech., LLC*

    2025 WL 3063288 (D. Minn. 2025)........................................................................5

*In re Sonic Corp. Customer Data Sec. Breach Litig.*

    2019 WL 3773737 (2019) (N.D. Ohio July 1, 2019) .............................................5

*In re Wendy's Co. Shareholder Derivative Litig.*,
    2018 WL 6605394 (S.D. Ohio Dec. 17, 2018) ...................................................15

*Kubiak v. Barbas*,
2011 WL 2443715 (S.D. Ohio June 14, 2011) ......................................................15

*O'Donnell v. Charter Commc'ns, Inc.*
    2025 WL 3254516  (E.D. Mo. 2025) ..................................................................3

*Roe v. Arch Coal, Inc.*

    2015 WL 6702288  (E.D. Mo. 2015) ..................................................................3

*Schultz v. TD Ameritrade, Inc.*

    2023 WL 6621073  (D. Neb. 2023) ....................................................................5

*Shepard v. City of Waterloo*

    2015 WL 2238358  (N.D. Iowa 2015) ................................................................2

**RULES**

Fed. R. Civ. P. 12.......................................................................................................4

Fed. R. Civ. P. 23.................................................................................................*passim*

## I.      INTRODUCTION

Plaintiffs Kathy Morehart, Glen Harbin, Toby Parcell, Melissa Alvarez, Collena Allen, Toni Mendosa, David Appleman, Theodore Bartolo, Alli Brunell, Joby Childress, Marshal Detherage, Jennifer Glodek, Autumn Andrews, Serena Gold-Peters, Charles Ligon, Tasha Mathis, Michael Plante, Jasmine Walker, Mark Williams, Melissa Janeiro, and Mason Maldonado ("Plaintiffs") respectfully request that the Court appoint Philip J. Krzeski of Chestnut Cambronne PA, Tyler J. Bean of Siri & Glimstad LLP, Britany A. Wessan of Almeida Law Group LLC, and John J. Nelson of Milberg, PLLC to serve as proposed interim class counsel ("Interim Co-Lead Class Counsel") pursuant to Fed. R. Civ. P. 23(g) to guide this litigation for the Plaintiffs and putative Class Members. Consistent with the guidance set forth in the *Manual for Complex Litigation* §§ 10.22, 21.272 (4th ed. 2004), and decisions encouraging coordination among plaintiffs' counsel in complex litigation, the undersigned have conferred and agreed upon a proposed leadership structure for these cases. The proposed Interim Co-Lead Class Counsel are experienced privacy and data breach litigators with substantial experience prosecuting complex class actions nationwide and are prepared to commit the necessary resources to efficiently and vigorously represent the interests of the putative class.

For the reasons set forth below, Plaintiffs respectfully request that the Court appoint Philip J. Krzeski of Chestnut Cambronne PA, Tyler J. Bean of Siri & Glimstad LLP, Britany A. Wessan of Almeida Law Group LLC, and John J. Nelson of Milberg, PLLC as Interim Co-Lead Class Counsel.

Plaintiffs have met and conferred with Defendant, and Defendant confirmed that it takes no position on the requested appointment of leadership.

1

## II.    BACKGROUND AND PROCEDURAL HISTORY

In or around January of 2026, an unauthorized individual accessed Defendant's computer systems and compromised the personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Private Information") belonging to Plaintiffs and Class Members (the "Data Breach"). *See* Plaintiffs' Consolidated Class Action Complaint (ECF No. 15) ("Compl"), ¶ 6. On February 16, 2026, Plaintiff Kathy Morehart filed the first class action lawsuit against Defendant related to the Data Breach. *See* ECF No. 1. Subsequently, four (4) additional class actions were filed related to the Data Breach. On April 22, 2026, the Court granted the Parties' Joint Motion to Consolidate Cases (ECF No. 14), consolidated all related actions, and directed Plaintiffs to file a Consolidated Amended Complaint by May 7, 2026, which Plaintiffs filed on that date (ECF No. 15). In granting consolidation, the Court deferred ruling on Plaintiffs' request to appoint interim class counsel and advised that "Plaintiffs may renew their motion to appoint interim co-lead class counsel after the filing of the consolidated amended complaint." *See* ECF No. 14. Having now filed their Consolidated Class Action Complaint, Plaintiffs respectfully renew their request to appoint Philip J. Krzeski of Chestnut Cambronne PA, Tyler J. Bean of Siri & Glimstad LLP, Britany A. Wessan of Almeida Law Group LLC, and John J. Nelson of Milberg, PLLC as Interim Co-Lead Class Counsel.

## III.    THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL

Federal Rule of Civil Procedure 23(g)(3) allows the Court to designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action. *Shepard v. City of Waterloo*, 2015 WL 2238358, at *1 (N.D. Iowa May 12, 2015) (quoting Fed. R. Civ. P. 23(g)(3)). Federal Rule of Civil Procedure 23(g)(4) mandates that class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Early appointments are especially beneficial in complex cases because they help to "clarif[y] responsibility for

2

protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual*, § 21.11; *Roe v. Arch Coal, Inc.*, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 4, 2015) (appointing interim class counsel where other law firms were already investigating whether to file suit and thus constitute potential competition for lead counsel).

Determining the appointment of interim class counsel requires the court to consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i) – (iv); *see also O'Donnell v. Charter Commc'ns, Inc.*, No. 4:25-CV-157-ZMB, 2025 WL 3254516 at *1 (E.D. Mo. Nov. 21, 2025) (noting that courts generally look to the same factors used to determine the adequacy of class counsel under Rule 23(g)(1)(A) when appointing interim class counsel).

As discussed below, each of the relevant Rule 23(g) factors demonstrate that Proposed Interim Co-Lead Class Counsel—Philip J. Krzeski of Chestnut Cambronne PA, Tyler J. Bean of Siri & Glimstad LLP, Britany A. Wessan of Almeida Law Group LLC, and John J. Nelson of Milberg, PLLC—are best able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

**A. Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work in Investigating this Action**

Under the first Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Class Counsel have already committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation. Their work to date includes: (i) investigating and researching potential legal theories and claims; (ii) reviewing materials relating to the factual

3

underpinnings of the Data Breach and this litigation; (iii) communicating with affected individuals and retained clients impacted by the Data Breach; (iv) coordinating with Defendant's counsel and Plaintiffs' counsel to consolidate all related cases arising from the Data Breach; (v) thoroughly vetting numerous plaintiffs for inclusion in the Consolidated Complaint; (vi) drafting a comprehensive Consolidated Complaint containing over twenty named plaintiffs; and (vii) coordinating a stay of proceedings with Defendant to conserve the Parties' resources in light of ongoing settlement discussions.

This early and proactive work has positioned Proposed Interim Co-Lead Class Counsel to efficiently prosecute this action on behalf of the putative class. As the litigation progresses, Proposed Interim Co-Lead Class Counsel will continue to provide significant value to the Class by, among other things: (i) reviewing consumer communications concerning the Data Breach; (ii) engaging in ongoing communications with putative class members; (iii) briefing and responding to Defendant's Rule 12 motion to dismiss; (iv) conducting and participating in significant discovery on behalf of over twenty named plaintiffs, including written discovery, document review, and depositions; (v) retaining and consulting with expert witnesses on damages, cybersecurity, and data-breach causation; (vi) negotiating the scope and terms of any protective order governing sensitive personal and health information; (vii) monitoring ongoing misuse of Class Members' Private Information; (viii) preparing for and briefing class certification; and (ix) preparing for summary judgment and trial.

Proposed Interim Co-Lead Class Counsel have conducted all the work necessary to prosecute this consolidated litigation to date and are prepared to continue committing the substantial resources, including the advancement of costs, required to vigorously represent the Plaintiffs and the proposed class.

**B. Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions**

Proposed Interim Co-Lead Class Counsel also satisfy the second and third Rule 23(g)(1)(A) factors. Data breach cases are risky, expensive and complex. *In re Netgain Tech., LLC*, 2025 WL 3063288, at *6 (D. Minn. Nov. 3, 2025); *see also In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This unsettled area of law often presents novel questions for courts. And of course, juries are always unpredictable."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim co-lead class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. Proposed Interim Co-Lead Class Counsel have extensive experience leading and litigating data privacy matters.

As demonstrated below, Mr. Krzeski, Mr. Bean, Ms. Wessan, and Mr. Nelson are each highly qualified to lead the consolidated action and should be appointed as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g). *Schultz v. TD Ameritrade, Inc.*, 2023 WL 6621073, at *2 (D. Neb. Oct. 11, 2023) (appointing experienced and qualified interim co-lead class counsel with extensive knowledge of and experience in litigating complex class actions involving data security and privacy).

The qualifications and experience of Proposed Interim Co-Lead Class Counsel are further summarized below.

5

### **Philip J. Krzeski of Chestnut Cambronne PA**

Mr. Krzeski is an income partner at Chestnut Cambronne PA ("Chestnut") in Minneapolis, Minnesota. Mr. Krzeski and Chestnut have been appointed as co-lead counsel in numerous significant data breach class actions similar to the action at issue here, including complex, high-stakes data breach matters across the country: *In re: Change Healthcare, Inc. Customer Data Security Litig.*, No. 24-md-03108 (D. Minn.) (Chestnut was appointed co-lead counsel over patient class of approximately 190 million patients); *In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Case No. 2:24-cv-00146 (D. Me.) (resulting in $7.75 million settlement); *In re Group Health Plan Litig.*, Case No. 23-cv-267-JWB/DJF (D. Minn.) (resulting in $6 million settlement); *In re Loancare Data Breach Litigation,* Case No. 3:23-cv-01508 (M.D. Fla.) (resulting in $5.9 million settlement); *Hightower v. Receivables Performance Management, LLC*, No. 2:22-cv-01683 (W.D. Wash.) (resulting in $5.6 million settlement). He also has MDL experience in aviation litigation. *See, e.g., In Re: Air Crash Toronto Pearson Int'l Airport on February 17, 2025*, No. 25-md-03155).

He has been appointed to leadership roles in numerous data breach cases across the country, *see, e.g., In re Methodist Home Care, Inc. Data Incident Litig.*, No. 01-cv-2025-904388 (Jefferson County, Alabama); *Skillings v. Access Sports Medicine and Orthopaedics, PLLC,* No. 218-2024-cv-01086 (Rockingham County, New Hampshire) (appointed lead counsel); *In re Peoples Bank, as a Successor to Limestone Bank, Data Breach Litig.,* No. 2023-cv-03043 (S.D. Ohio) (appointed lead counsel); *In re Cinfed Data Breach Litigation,* No. 23-cv-00776 (S.D. Ohio) (same); *Brim v. Prestige Care, Inc.,* No. 3:24- cv-05133-BHS (same)*; Kobor v. Skidmore College,* No. 1:23-cv-01392 (N.D.N.Y.) (same)*; In re: Precision Imagining,* No. 16-2023-CA-00931 (Duval County, Florida) (same).

He has extensive complex litigation experience – from the filing of the class action complaint to final approval of a class action settlement – as evidenced by direct litigation experience in the following data breach matters: *In re ESO Solutions, Inc.*, Case No. 1:23-cv-01557 (W.D. Tex.); *Cahill v. Memorial Heart Institute, LLC d/b/a The Chattanooga Heart Institute*, No. 1:23-cv-168 (E.D. Tenn.); *In re R&B Corporation of Virginia d/b/a Credit Control Corporation*, Case No. 4:23-cv-00066-JKW-RJK (E.D. Va.); *In re OrthoAlaska Data Breach Litigation*, No. 3:23-cv-00242 (D. Alaska); *Rasmussen, et al., v. Uintah Basin Healthcare*, Case No. 23-cv-00322-HCN-CMR (D. Ut.); *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *Anderson v. Fortra LLC*, No. 23-cv-00533-SRN/DTS (D. Minn.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210-SRN/LIB, (D. Minn.); *Hale, et al., v. ARcare, Inc.*, No. 3:22-cv-00117 (E.D. Ark.); *In re CCM Health Data Security Litigation*, Case No. 12-cv-24-169 (Chippewa County, Minnesota); *In re Tift Regional Health System, Inc. Data Breach Litig.*, No. 2023-cv-0313 (Tift County, Georgia); *Rodriguez v. Mena Regional Hospital Commission d/b/a Mena Regional Health System*, No. 2:23-cv-2002 (W.D. Ark.).

Outside of the data breach context, Mr. Krzeski has an active nationwide wage and hourand class action practice. He has litigated and certified several Rule 23 classes. *See, e.g., Branning v. Romeo's Pizza, Inc.*, 594 F. Supp.3d 927, 934 (N.D. Ohio 2022) (obtaining Rule 23 class certification). He also directly contributed to several "landmark" wage and hour decisions in the minimum wage employee context. *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 WL 5725043, at *7 (S.D. Ohio Mar. 26, 2019) (prevailing on summary judgment on precise interpretation of law in the minimum wage kick-back context); *see also Clark v. Pizza Baker, Inc.,*

7

*et al.*, No. 2:18-cv-157, 2019 WL 4601930 (S.D. Ohio Sept. 23, 2019) (overcoming Domino's Pizza corporate entities' motion to dismiss on joint employer defense).

A copy of Mr. Krzeski's firm resume is attached as **Exhibit 1**.

### Tyler J. Bean of Siri & Glimstad LLP

Tyler J. Bean is a Partner at Siri & Glimstad LLP ("S&G"), a national class action firm of over 100 dedicated professionals that routinely serves as court-appointed class counsel in complex, high-stakes litigation nationwide and has recovered substantial relief for millions of individuals. Mr. Bean is widely regarded as a leading plaintiff-side data privacy litigator, having been recognized as one of the nation's top litigators under the age of 40.[1] Mr. Bean's practice focuses on complex civil litigation and consumer class actions, with a particular emphasis on data privacy. Over the course of his career, he has played a central role in the successful prosecution of hundreds of data breach and online surveillance class actions, from inception through discovery and final approval, helping to shape outcomes in a rapidly evolving area of law. His work reflects not only a mastery of the law, but also the strategic judgment and leadership required to litigate against sophisticated and well-funded defendants.

As the lead attorney of S&G's Data Breach and Online Privacy Group, Mr. Bean has secured over $150 million in settlement relief for millions of class members nationwide, overseeing all data privacy matters in which S&G served or is serving as **(1) <u>settlement class counsel</u>**. These include, without limitation**:**

- *In re Sovos Compliance Data Security Incident Litigation*, Case No. 1:23-cv-12100 (D. Mass.), which received final approval for a settlement involving 490,000 class members and a $3,534,128.50 non-reversionary settlement fund;

---

[1] *See 12 Litigators Recognized in Class Action Updates' Inaugural Premier Class Action Leaders of Tomorrow Award* (Nov. 2025), https://classactionupdates.substack.com/p/12-litigators-recognized-in-class (last accessed Aug. 2026).

- *In re: Vivendi Ticketing US LLC, d/b/a See Tickets Data Security Incident*, Case No. 2:23-cv-07498 (C.D. Cal.), a payment card breach case which received final approval for a settlement that includes a non-reversionary settlement fund of $3,250,000.00 for a settlement involving 325,000 class members;
- *In re: Planet Home Lending, LLC Data Breach*, Case No. 3:24-cv-127 (D. Conn.), which received final approval for a settlement involving 285,000 class members and a $2,425,000.00 non-reversionary settlement fund;
- *In re Unite Here Data Security Incident Litigation*, Case No. 1:24-cv-01565 (S.D.N.Y.), which received final approval for a settlement involving roughly 790,000 class members and a $6 million non-reversionary settlement fund;
- *Hefstetler, et al. v. Upstream Rehabilitation, Inc., et al.*, Case No. 2024-902563.00 (AL Cir. Ct., Jefferson Cty.), which received final approval for a settlement involving roughly 545,000 class members and a $4,304,898.50 non-reversionary settlement fund;
- *Reedy, et al. v. Everlywell, Inc., et al.*, Case No. 1:24-cv-02713 (N.D. Ill.), an internet surveillance matter which received final approval for a settlement involving 2 million class members and a $5,000,000 non-reversionary settlement fund;
- *In re Retina Group of Washington Data Security Incident Litigation*, Case No. 8:24-cv-00004 (D. Md.), which received final approval for a settlement involving 450,000 class members and a $3.6 million non-reversionary settlement fund;
- *Terrance Rosa, et al. v. Brightline, Inc.*, Case No. 24-md-03090 (S.D. Fla.), which received final approval for a settlement involving over 1 million class members and a $7,000,000 non-reversionary settlement fund;
- *In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Case No. 2:24-cv-00146 (D. Me.), which received final approval for a settlement involving 2 million class members and a $7.25 million non-reversionary settlement fund;
- *Corona-Cantu v. Ingo Money, Inc.*, Case No. 1:24-cv-03023 (N.D. Ga.), which received final approval for a settlement involving 27,000 class members and a $1.5 million non-reversionary settlement fund;
- *Wilson et al. v. Frontier Communications*, Case No. 3 :24-cv-1418 (N.D. Tex.), which received final approval for a settlement involving 750,000 class members and a $5,640,000 non-reversionary settlement fund; and
- *In re Hospital Sisters Health System Data Breach Litigation*, Case No. 2024CH000043 (Ill. Cir. Ct., Sangamon Cty.), which received final approval for a settlement involving 868,000 class members and a $7.6 million non-reversionary settlement fund;

Mr. Bean and his Firm have also been appointed as interim class counsel in significant data privacy actions in federal and state courts nationwide. These include, without limitation:

- *In re Fortra File Transfer Software Data Security Breach Litigation* (MDL No. 3090);
- *Harrison, et al. v. Peco Foods Inc.*, Case No. 7:24-cv-01028 (N.D. Ala.);
- *Gregorio, et al. v. Green Diamond Resource Company*, Case No. 2:24-cv-00596 (W.D. Wash.);
- *In re OnePoint Patient Care, LLC, Data Breach Litigation*, Civil Action No. 3:24-cv-00649 (W.D. Ky.);

9

- *Kranz-Mitchell, et al. v. Excelsior Orthopaedics, LLP, et al.,* Case No. 812753/2024 (NY Supreme Ct., Erie Ct.);
- *Canup, et al. v. Gas Express, LLC,* Case No. 1:25-cv-00396 (N.D. Ga.);
- *In re Anna Jacques Hospital Data Security Incident Litigation*, Case No. 1:24-cv-10792 (D. Mass.);
- *Edri, et al. v. Advanced Recovery Equipment & Supplies, LLC*, Case No. 529489/2024 (NY Sup. Ct., Kings Cty.);
- *Carter, et al v. MyHeritage (USA) Inc., et al*, Case No. 1:25-cv-224 (N.D. Ill.);
- *Haseltine, et al v. Financial Business and Consumer Solutions, Inc.*, Case No. 24-1876 (E.D. Pa.);
- *Flores, et al. v. South Texas Oncology and Hematology, PLLC*, Case No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.);
- *In re Cooper Health System Security Incident Litigation*, Case No. 1:25-cv-05841 (D.N.J.);
- *In re iHeart Media Data Breach Litigation*, Case No. 5:25-cv-00538 (W.D. Tex.);
- *Waudby, et al. v. Precision Tax Relief, LLC*, Case No. 2:25-cv-00301 (D. Id.);
- *Levin v. Albany College Pharmacy and Health Services*, Index No. 906277-25 (NY Sup. Ct., Albany Cty.);
- *Bernal v. Amalgamated Sugar Company*, Case No. CV01-25-12333 (4th Dist. of Id., Ada Cty.);
- *Minter v. Finwise Bank, et al.*, Case No. 2:25-cv-00569 (D. Utah);
- *Leuch, et al. v. Greater Pittsburgh Orthopaedic Associates, Inc.*, Case No. GD-25-009211 (Pa., Allegheny Cty.);
- *Doktor, et al. v. Good Neighbors Federal Credit Union*, Case No. 808163/2025 (N.Y. Sup. Ct., Erie County); and
- *Correa v. Anne Arundel Dermatology, P.A.*, Case No. 1:25-cv-02274 (the court specifically noting that Mr. Bean's "accomplishments and qualifications not only highlight [his] wealth of experience but also suggest that [he has] a strong command of the applicable law[.]")

Mr. Bean and S&G are fully prepared to devote the time, resources, and expertise necessary to effectively represent the putative class in this matter. Additional information regarding Mr. Bean's background and the Firm's class action practice is set forth in the Firm Resume submitted herewith as **Exhibit 2**.

### **Britany A. Wessan of Almeida Law Group LLC**

Britany Kabakov Wessan is a Partner at Almeida Law Group LLC, where she chairs the firm's Data Security and Privacy practice group. Ms. Wessan earned her J.D. from the University of Chicago Law School. Prior to joining the Almeida Law Group, Ms. Wessan clerked for a federal

judge in the Northern District of Illinois and worked as a litigation associate at Kirkland & Ellis LLP in its Chicago Office, where she participated in two federal bellwether jury trials in the largest multidistrict litigation in U.S. history.

Specializing in consumer class action lawsuits, Ms. Wessan's practice focuses on data breach and privacy cases as well as complex commercial disputes. Ms. Wessan has significant experience in data privacy litigation and is currently litigating numerous putative class action lawsuits involving healthcare data breaches and healthcare entities' use of tracking technologies on their digital platforms to collect and to disclose patients' and other users' personal and sensitive information to third-party AdTech giants such as Facebook and Google.

Ms. Wessan has been appointed class counsel or interim co-lead counsel in the following cases: *Doe v. Wellstar Health Sys., Inc.*, No. 1:24-cv-01748-JPB (N.D. Ga.) (appointed class counsel representing a class of approximately 870,000 individuals in a $4.25 million healthcare tracking case); *Ahlers v. Allina Health Sys.*, No. 24-cv-3674 (SRN/ECW), (D. Minn.) (appointed class counsel representing a class of approximately 2.53 million individuals in a $12.5 million healthcare tracking case); *Strong v. LifeStance Health Grp. Inc.*, No. CV-23-00682-PHX-KML (D. Ariz.) (appointed class counsel representing class of approximately 1.08 million individuals in $3,027,874.44 healthcare tracking case); *In re Insight Chicago Inc. Data Breach Litig.*, No. 2025 CH 12422 (Ill. Cir. Ct. Cook Cnty.) (interim co-lead counsel in data breach); *Tambroni v. WellNow Urgent Care, P.C.*, No. 2025LA000013 (Ill. Cir. Ct. Sangamon Cnty.) (appointed class counsel representing class of approximately 597,000 individuals in healthcare data breach); *Cooper v. Mount Sinai Health Sys., Inc.*, No. 1:23-cv-09485 (S.D.N.Y.) (appointed class counsel representing class of approximately 1,314,147 individuals in $5,256,588.00 settlement of hospital tracking case); *Mayer v. Midwest Physician Admin. Servs., LLC*, No. 1:23-cv-03132 (N.D. Ill.) (appointed

11

class counsel representing class of approximately 272,373 individuals in $1,880,000.00 settlement of hospital tracking case); *John v. Delta Defense LLC*, No. 2:23-cv-01253 (E.D. Wis.) (appointed class counsel representing class of approximately 295,727 individuals in $1,450,000.00 settlement in video privacy case).

Ms. Wessan also brings to this litigation the substantial resources, experience, and institutional knowledge of Almeida Law Group LLC. Almeida Law Group is a nationally recognized plaintiffs' class action firm with experience prosecuting complex consumer protection, privacy, and data breach litigation in courts across the country. The firm has repeatedly been appointed as lead or co-lead counsel in cases involving data privacy, tracking technologies, and other complex litigation.

Drawing on the firm's depth of experience and proven track record, Ms. Wessan is well positioned to assist in the vigorous prosecution of this action on behalf of Plaintiffs and the putative Class. She will have the full support of Almeida Law Group's attorneys, professional staff, and litigation resources throughout this case. Additional information regarding Ms. Wessan's qualifications and Almeida Law Group's experience is set forth in the Almeida Law Group Firm Resume, attached hereto as **Exhibit 3**.

**John J. Nelson of Milberg, PLLC**

Since Milberg's founding in 1965 it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent-setting decisions at every level, including at the United States Supreme Court. The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg is comprised of more than one

12

hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.

As a member of Milberg's data privacy team, Mr. Nelson has been appointed by state and federal courts as class counsel in data breach class actions, including: *In re: Navia Benefit Solutions, Inc. Data Breach Litigation*, No. 2:26-cv-00909 (W.D. Wash.) (appointed co-lead counsel); *In re Community Clinic of Maui Data Breach Litigation,* No. 1:24-cv-00431 (D. HI) (appointed co-lead counsel); *In Re: SAG-AFTRA Health Plan Data Security Litigation*, No. 2:24-cv-10503 (C.D. Cal.) (appointed co-lead counsel); *Feathers v. On Q Financial LLC*, 2:24-cv-00811 (D. Ariz.) (appointed co-lead counsel); *Anderson v. Oak View Group, LLC*, No. 2:24- cv-00719 (C.D. Cal.) (appointed co-lead counsel); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y.) (appointed co-lead counsel); *Kohn et al. v. Loren D. Stark Company, Inc.*, Case No. 4:23-cv-03035 (S.D. Tex.) (appointed co-lead counsel); *In Re: Houser Data Breach Litigation*, No. 8:24-cv-00468 (C.D. Cal.) (appointed co-lead counsel); *In Re: Ethos Technologies Inc. Data Breach Litigation*, No. 3:22-cv-09203-SK (N.D. Cal.) (appointed co-lead counsel). Mr. Nelson has also been appointed to the Plaintiffs' Steering Committee in the recent 60-million-person data breach litigation captioned *In Re: Powerschool Holdings, Inc., and Powerschool Group, LLC Customer Data Security Breach Litigation*, Case No.: 25-md-3149-BEN-MSB. He was also appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota Motor Corporation, et al* a nationwide class action involving defective fuel pumps which resulted in a 330-million-dollar nationwide settlement. No. 1:20-CV-00629 (E.D.N.Y.) (final approval granted December 21, 2022). Mr. Nelson was also appointed to the Executive Committee in *In re Seresto Flea and Tick*

13

*Collar Marketing, Sales Practices and Product Liability Litigation*, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.).

A copy of Mr. Nelson's firm resume is attached hereto as **Exhibit 4**.

**C. Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Class**

As to the fourth Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Class Counsel are willing and able to expend the resources necessary to ensure the effective prosecution of the claims asserted by the Plaintiffs in the Related Actions. The four firms are well capitalized and have years of experience prosecuting and self-funding complex class action litigation. Each firm has advanced significant resources to fund expenses in several of its cases, demonstrating a commitment to providing the resources and staffing needed to successfully prosecute class actions. Proposed Interim Co-Lead Class Counsel are also willing to advance all costs to prosecute this action and see it through completion, including advancing costs for document hosting, expert witnesses (both for liability and damages if necessary), and for trial.

Mr. Krzeski, Mr. Bean, Ms. Kabakov, and Mr. Nelson, along with their respective firms, have a proven track record of successfully leading complex class action cases, including data privacy matters. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the diligent and effective representation of the Class members. In fact, Proposed Interim Co-Lead Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this consolidation and leadership proposal. Just as they have previously done, Proposed Interim Co-Lead Class Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class here.

In sum, Proposed Interim Co-Lead Class Counsel are committed to pursuing the best interests of Plaintiffs and the proposed class in an efficient manner. Having already devoted considerable time and resources to this litigation, Proposed Interim Co-Lead Class Counsel have demonstrated their commitment and capacity to see this action to a successful resolution.

### D.  Additional Factors Supporting Appointment Under Rule 23(g)(1)(B)

The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also In re Wendy's Co. Shareholder Derivative Litig.*, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011)) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel."); *Manual* § 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), § 10.272 (describing "private ordering" approach).

Here, Proposed Interim Co-Lead Class Counsel quickly proposed a unified leadership structure due to the nature of Defendant's Data Breach and likelihood of imminent further harms to Plaintiffs and the putative class members. Proposed Interim Co-Lead Class Counsel seek this leadership structure to best serve the interests of the class in the most efficient manner possible. Effective leadership in complex litigation requires not only the ability to work efficiently as a team and with opposing counsel, and the Court, but also the professionalism, cooperation, and courtesy expected of officers of the Court, all of which are critical to successful management of this litigation. *See Manual* § 10.21. A demanding aspect of complex litigation is "the difficult[y] of having to communicate and establish working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*.

The counsel proposed for Interim Co-Lead Counsel embody the qualities listed above. Each respective law firm has worked in the data breach and data privacy space together on numerous occasions. *See, e.g.*, *Rasmussen, et al., v. Uintah Basin Healthcare*, Case No. 2:23-cv-0032-CMR (D. Ut.); *Reedy v. Everlywell, Inc.*, Case No. 1:24-cv-02713 (N.D. Ill.); *Kaplan v. Northwell Health*, Case No. 2:23-cv-07205 (E.D.N.Y.). While Proposed Interim Co-Lead Class Counsel intend to litigate the case zealously, they are cognizant of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already developed a strategy to effectively leverage their members' diverse skills and experience in prosecuting and managing this litigation, while avoiding unnecessary and duplicative billing.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully ask the Court to grant their motion and enter an order appointing Philip J. Krzeski of Chestnut Cambronne PA, Tyler J. Bean of Siri & Glimstad LLP, Britany A. Kabakov of Almeida Law Group LLC, and John J. Nelson of Milberg, PLLC as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3).

Dated: August 13, 2026                                   Respectfully Submitted,

                                                         */s/ Tyler J. Bean*
                                                         Tyler J. Bean (admitted *pro hac vice*)
                                                         **SIRI & GLIMSTAD LLP**
                                                         745 Fifth Avenue, Suite 500
                                                         New York, New York 10151
                                                         Tel: (212) 532-1091
                                                         E: tbean@sirillp.com

                                                         J. Barton Goplerud, AT0002983
                                                         Brian O. Marty, AT 0011622
                                                         **SHINDLER ANDERSON GOPLERUD &**
                                                         **WEESE PC.**
                                                         5015 Grand Ridge Drive, Suite 100
                                                         West Des Moines, Iowa 50265-5749
                                                         (515) 223-4567
                                                         (515) 223-8887 (fax)

16

goplerud@sagwlaw.com
marty@sagwlaw.com

Philip J. Krzeski (admitted *pro hac vice*)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
pkrzeski@chestnutcambronne.com

Britany A. Kabakov*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Ave.
Chicago, Illinois 60614
(708) 437-6476
britany@almeidalawgroup.com

John J. Nelson*
**MILBERG, PLLC**
280 S. Beverly Drive – Penthouse Suite
Beverly Hills, CA 90212
(858) 209-6941
jnelson@milberg.com

*Proposed Interim Co-Lead Class Counsel*

Nicholas J. Mauro
**CARNEY & APPLEBY LAW FIRM**
400 Homestead Building
303 Locust Street
Des Moines, IA 50309
(515) 282-6803
(515) 282-4700 (fax)
mauro@carneyappleby.com

Thomas E. Loeser*
Ellen J Wen*
**COTCHETT, PITRE & MCCARTHY, LLP**
1809 7th Av, Ste. 1610
Seattle, WA 98101
Tel: (2026) 802-1272
Fax: (206) 299-41854
tloeser@cpmlegal.com
ewen@cpmlegal.com

17

Jeff Ostrow (admitted *pro hac vice*)
**KOPELOWITZ OSTROW P.A.**
One West Law Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

William B. Federman*
Jessica A. Wilkes*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
E: wbf@federmanlaw.com
E: jaw@federmanlaw.com

*Counsel for Plaintiffs and the Putative Class*

*Application for Admission *Pro Hac Vice*
Forthcoming

18

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 13, 2026, the foregoing was electronically

filed using the Court's CM/ECF system which will serve a copy upon all parties of record.

*/s/ Tyler J. Bean*
Tyler J. Bean
